IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>APPLE, INC., et al.,<br><br>                    Defendants. | Civil Action No. 11-309-SLR |

**PLAINTIFF WALKER DIGITAL'S MOTION TO DISMISS
<u>DEFENDANT TOMTOM INC.</u>**

Plaintiff Walker Digital, LLC ("Walker Digital") offers a covenant not to sue Defendant TomTom Inc. ("TomTom") for infringement of the sole patent-in-suit based on TomTom's past and current products. In light of the covenant not to sue, there is currently no controversy between Walker Digital and TomTom with respect to infringement of U.S. Patent No. 6,199,014 ("the '014 patent"). Furthermore, the covenant not to sue divests the Court of subject matter jurisdiction over TomTom's counterclaims for non-infringement and invalidity of the '014 patent (D.I. 32). The covenant not to sue, however, covers only TomTom products first offered for sale in the United States on or before the covenant and does not impact Walker Digital's future rights to allege infringement by TomTom products or services brought to market at some later date. At the same time, the covenant does not prevent TomTom from alleging non-infringement, invalidity or other defenses against the '014 patent in any such future dispute. Nevertheless, TomTom resists its dismissal from this action. But the law is clear that the covenant ends the current dispute. Accordingly, the Court should dismiss all claims, defenses, and counterclaims between Walker Digital and TomTom without prejudice.

**FACTUAL BACKGROUND**

Walker Digital filed this lawsuit on April 11, 2011, alleging infringement of a single patent, U.S. Patent No. 6,199,014, by TomTom and eleven other companies. *See generally* Complaint (D.I. 1). Since then, Walker Digital has decided to withdraw its infringement allegations against TomTom products and services currently or previously offered for sale in the United States. On July 12, 2011, Walker Digital offered a covenant not to sue TomTom on the '014 patent with respect to TomTom's products and practices first offered for sale in the United States on or before July 12, 2011. *See* Letter from M. Nelson to B. Bretscheider (July 12, 2011) (Exhibit A to Declaration of Steven M. Geiszler, filed contemporaneously). The letter states in relevant part:

> Walker Digital, Inc., on behalf of itself and any successors-in-interest to U.S. Patent No. 6,199,014, hereby releases and unconditionally covenants not to sue TomTom, Inc. or any of its subsidiaries or divisions, for infringement of the '014 patent based on TomTom's manufacture, importation, use, sale and/or offer for sale in the United States of systems and methods first offered for sale in the United States on or before the date of this letter by TomTom or any of its subsidiaries or divisions.
>
> Walker Digital, LLC explicitly retains the right to later assert the '014 patent against systems and methods first offered for sale in the United States by TomTom after the date of this letter.

*Id.* TomTom, however, has refused to dismiss its counterclaims. *See* Declaration of Steven M. Geiszler. Walker Digital must now seek relief from the Court to avoid unnecessary time and expense for the parties and the Court.

**ARGUMENT**

Walker Digital and TomTom have no dispute or controversy regarding the '014 patent. This Court, therefore, does not have subject matter jurisdiction to preside over TomTom's counterclaims for declaratory judgment.

As counterclaimant, TomTom bears the burden of establishing and maintaining subject matter jurisdiction at all stages of its lawsuit. *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). A case must be dismissed for lack of subject matter jurisdiction if at any time there is not a live "case or controversy," even if jurisdiction existed at the time the complaint, or counterclaim, was filed. *Id.* (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)). Here, TomTom cannot meet its burden of establishing a live case or controversy and, therefore, cannot establish subject matter jurisdiction over its counterclaims relating to the '014 patent because Walker Digital will unconditionally covenant not to sue TomTom on the '014 patent for past or present products.

To maintain a declaratory judgment counterclaim in a patent suit, TomTom must "under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This standard replaced the Federal Circuit's previous "reasonable apprehension of suit" test. *See, e.g., SanDisk Corp. v. STMicroelectronics, NV*, 480 F.3d 1372, 1380 (Fed. Cir. 2007). The Federal Circuit has explained that even if jurisdiction were initially present, a district court is divested of subject matter jurisdiction over an alleged infringer's declaratory judgment claims if the patentee covenants not to sue the alleged infringer before the issue of infringement is decided by the court or a jury. *See e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995); *Dow Jones*, 606 F.3d at 1346; *Fort James Corp. v. Solo Cup. Co.*, 412 F.3d 1340, 1348 (Fed. Cir. 2005) (recognizing that a covenant not to sue before consideration or resolution of the underlying infringement claim divests a court of subject matter jurisdiction over the alleged infringer's declaratory judgment claims). Although the Federal Circuit decided

*Super Sack* before the *MedImmune* decision, the Federal Circuit has since affirmed that the *Super Sack* test applies with the same effect under the *MedImmune* declaratory judgment standard. *See Dow Jones*, 606 F.3d at 1346; *Benitec*, 495 F.3d at 1346-48.

In addition, Walker Digital's reservation of its right to assert the '014 patent at some *future* date against *future* TomTom products or services does not prevent dismissal without prejudice. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999) ("[A]n actual controversy cannot be based on a fear of litigation over future products.").

In this case, *Super Sack* controls: Walker Digital will unconditionally agree not to sue TomTom on the '014 patent before this Court or a jury has decided the issue of infringement. *See* Exhibit A to Geiszler Decl. This Court, therefore, no longer has subject matter jurisdiction over TomTom's counterclaims relating to the '014 patent.

## CONCLUSION

For the foregoing reasons, Walker Digital respectfully requests that the Court dismiss without prejudice all claims, defenses, and counterclaims between Walker Digital and TomTom.

| | |
|---|---|
| July 12, 2011 | BAYARD, P.A. |
| Of Counsel: | /s/ *Richard D. Kirk* <br> Richard D. Kirk (rk0922) |
| Matthew D. Orwig | Stephen B. Brauerman (sb4952) |
| Mark C. Nelson | 222 Delaware Avenue, Suite 900 |
| Basheer Y. Ghorayeb | P.O. Box 25130 |
| Steven M. Geiszler | Wilmington, DE 19899 |
| SNR Denton | rkirk@bayardlaw.com |
| 2000 McKinney Avenue, Suite 1900 | sbrauerman@bayardlaw.com |
| Dallas, TX 75201-1858 | (302) 655-5000 |
| matthew.orwig@snrdenton.com | |
| mark.nelson@snrdenton.com | *Attorneys for Plaintiff Walker Digital, LLC* |
| basheer.ghorayeb@snrdenton.com | |
| steven.geiszler@snrdenton.com | |
| (214) 259-0900 | |