IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., *et al.*,<br><br>Dfendants. | C.A. No. 11-309-SLR |

## JOINT [PROPOSED] SCHEDULING ORDER

At Wilmington this __14__ day of __November__ 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Preliminary Contentions**

    (a) Plaintiff shall provide each Defendant with preliminary identifications of accused products, systems and/or services by **August 19, 2011**.

    (b) Defendants shall produce to Plaintiff core technical documents regarding the accused products, systems and/or services by **October 3, 2011**.

    (c) Plaintiff shall serve on each Defendant a chart setting forth the asserted claims and Plaintiff's preliminary infringement contentions by [**Plaintiff: December 2, 2011**] ~~[Defendants: November 17, 2011]~~. For each asserted claim, the chart shall identify each accused apparatus, product, service, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which the Plaintiff is aware, and shall further identify specifically where each limitation of each asserted claim is found within each Accused Instrumentality,

whether each limitation is alleged to be present literally or under the doctrine of equivalents, and for each limitation that the Plaintiff contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s) or material(s) in the Accused Instrumentality that performs the claimed function. **[Plaintiff's Proposed Addition: The adequacy of all such preliminary infringement contentions shall be judged by the level of detail each party provides in its October 3, 2011 production of core technical documents and the amount of time Plaintiff and its experts/consultants are allowed to review such documents.]** [Defendants: Oppose Plaintiff's Proposed Addition.] *SLR*

**Plaintiff's Proposal:**

~~(d)~~ **Discovery Conference.** The Court will hold a Conference in Courtroom 4B on _____, 2011, at _____, to discuss the remaining discovery issues as well as any issues pertaining to the draft Protective Order.

**Defendants' Proposal:**

(d) **Discovery Conference.** After Plaintiffs have provided the Defendants with a chart of the asserted claims and preliminary infringement contentions, the Court will hold *SLR* a Conference in Courtroom 4B on ~~December ___, 2011~~ January 25, 2012 at 10:00 am _____, to discuss the remaining discovery issues, *including the need for depositions and how the time shall be allocated.*

**Plaintiff's Proposal:**

(e) Each Defendant shall serve on Plaintiff by February 3, 2012 that Defendant's preliminary invalidity contentions, which shall include the following:

(i) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number,

~~country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);~~ SLR

~~(ii) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;~~

~~(iii) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and~~

~~(iv)~~ Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**Defendants' Proposal:**

(e) Each Defendant shall serve on Plaintiff by ~~June 15, 2012~~ April 2, 2012 that Defendant's SLR preliminary invalidity contentions, which shall include the following:

> (i) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);
>
> (ii) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;
>
> (iii) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and
>
> (iv) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

2. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1 no later than **[Plaintiff: one week]** **[Defendants: two weeks]** following the Preliminary Infringement Contentions, at which time fact discovery will commence.

3. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise. **[Plaintiff's Proposed Addition: Bifurcation notwithstanding, the parties may seek limited financial discovery as necessary for the purpose of conducting mediation or other ADR, and for the purpose of exploring the issues of secondary considerations of non-obviousness and the value of the patents-in-suit. Furthermore, the following discovery limitations shall apply to only the liability phase of this action.]** [~~Defendants: Oppose Plaintiff's Proposed Addition.~~] SLR

**Plaintiff's Proposal:**

~~(b) Discovery in this phase will be needed on the issues encompassed by the parties' respective claims, counterclaims and affirmative defenses, except for those pertaining to willfulness or damages. At the appropriate time, discovery related to damages and willfulness may also be needed.~~

**Defendants' Proposal:** SLR

(b) Discovery in this phase will be needed on the following subjects: conception, reduction to practice, accused product development, prior art, inventorship, patent prosecution, claim construction, infringement, non-infringement, validity, invalidity, licensing, laches, estoppel, unclean hands, waiver, ownership, standing, enforceability, inequitable conduct, and any other affirmative defenses and counterclaims asserted in the answers to the Complaint. At

the appropriate time, discovery related to damages and willfulness may also be needed.

(c) All fact discovery in this phase shall be commenced in time to be completed by [Plaintiff: September 19, 2012] [Defendants: July 20, 2012]. *August 30, 2012.* SLR

(1) Each side is permitted **20** common interrogatories. Each defendant group (a defendant group consists of one or more defendants that are related corporate entities) may serve up to **10** individual interrogatories to Plaintiff. Plaintiff may serve up to 10 individual interrogatories to each defendant group.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Each side is permitted **30** common requests for admission. Each defendant group may serve up to **20** individual requests for admission to Plaintiff. Plaintiff may serve up to **20** individual requests for admission to each defendant group. There shall be no limit, however, on the number of requests for admission that Plaintiff and each defendant group may serve directed solely to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery", not inclusive of e-mail discovery) shall be completed before **February 17, 2012**. This deadline does not alter normal discovery response deadlines.

(i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting;

| **Plaintiff's Proposal:** |
|---|
| (ii) e-discovery shall be limited to a term of six (6) years, except that discovery with regard to conception, development, reduction to practice, licensing, prosecution of the patent-in-suit, prior art, knowledge of the patent, copying, evidence of long-felt need, evidence of failure of others (including, for example, evidence that one or more defendants acquired the accused technology from a third party and/or developed the accused technology internally), and evidence reflecting adoption or recognition of the technology by others in the relevant industry(ies) are not so limited; |

| **Defendants' Proposal:** |
|---|
| ~~(ii) e-discovery shall be limited to a term of five (5) years except that discovery with regard to conception, development, reduction to practice, licensing, to practice, and prosecution of the patents-in-suit and prior art are not so limited;~~ *SLR* |

(iii) on or before [**Plaintiff: March 31, 2012**] [~~Defendants: February 24, 2012~~], *SLR* each party may request discovery of additional custodians or for additional years, for good cause shown; and

| **Plaintiff's Proposal:** |
|---|
| (iv) no deposition ~~(other than~~ those noticed under Fed. R. Civ. P *SLR* |

| |
|---|
| 30(b)(6) and third-party depositions) shall be scheduled prior to the completion of e-discovery; |

| |
|---|
| **Defendants' Proposal:**<br><br>(iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to the existence and location of documents, standing and third-party depositions) shall be scheduled prior to the completion of e-discovery; |

(v) a party may request limited discovery of e-mails from particular custodians after sufficient responsive, non-privileged technical documents have been produced, and the parties have met and conferred in good faith to discuss the scope and procedure of the limited e-mail production and whether production of emails is necessary. The parties shall work together to make such a determination by [Plaintiff: March 31, 2012] [Defendants: March 9, 2012] to determine whether e-mail discovery is necessary and, if so, the number and identity of custodians and search terms to be used. Discovery of e-mails, if necessary, shall be completed on or before **May 25, 2012**.

| |
|---|
| **Plaintiff's Proposal:**<br><br>(5) Plaintiff may take a maximum of 175 hours of fact depositions, with no more than 65 hours to be taken of any defendant group. Defendants may take a maximum of 175 total hours of fact depositions, with no more than 100 hours taken of plaintiff. Each fact deposition is limited to a maximum of 7 consecutive hours unless extended by agreement of parties or upon order of the court upon good cause shown. Third party depositions will count toward these limitations. Expert depositions will not count toward these limitations. |
| **Defendants' Proposal:**<br><br>(5) Plaintiff is limited to a total number of 75 hours of deposition |

> ~~testimony, but in no event will any defendant group be subject to more than a total of 20 hours of deposition testimony (including 30(b)(6) depositions) absent further agreement by the parties or Order of the Court upon good cause shown. Defendants are jointly limited to a total of 75 hours of deposition testimony. Each fact deposition is limited to a maximum of 7 consecutive hours, except that depositions of named inventors may be taken for 14 hours each, unless extended by agreement of parties or upon Order of the Court upon good cause shown. Third party depositions will not count toward these limitations.~~

(d) Expert discovery shall be commenced in time to be completed by **February 1, 2013**.

(1) Expert reports on issues for which the parties have the burden of proof due **October 12, 2012**. Rebuttal expert reports due **November 12, 2012**. Supplemental reports (for secondary considerations of obviousness) due **December 3, 2012**.

**Plaintiff's Proposal:**

(2) Expert depositions to be limited to a maximum of 24 hours of plaintiffs' experts and 24 hours for the experts of each defendant group (or group of defendant groups), unless extended by agreement of the parties or upon order of the court upon good cause shown.

**Defendants' Proposal:**

> ~~(2) Each party is entitled to seven hours of deposition with each expert filing a report adverse to that party. The parties shall meet and confer in good faith within **10** days after opening expert reports to discuss the appropriate time and scope of any additional expert depositions, as needed.~~ *SLR*

(3) All Daubert motions shall be filed within 30 days after the close of expert discovery.

(e) Supplementations under Rule 26(e) due at least [Plaintiff: 45 days] ~~[Defendants: 30 days]~~ ~~before the close of~~ fact discovery. *SLR*

(f) **Fact Witnesses to be Called at Trial**. By March 13, 2013, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within 30 days of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such previously undisclosed fact witnesses who have not previously been deposed in this case. Such deposition shall be held within 30 days after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **January 9, 2012**, except that motions to amend answers to add inequitable conduct allegations shall be filed on or before ~~[Plaintiff: March 30, 2012]~~ [Defendants: **May 18, 2012**]. *SLR*

~~4.    Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.~~ *SLR*

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **August 13, 2012**. This document will not be filed with the court. Subsequent to

exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **September 14, 2012**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **February 5, 2013**. Defendants shall serve and file their answering claim construction brief on or before **February 19, 2013**. Plaintiff shall serve and file its reply brief on or before **February 26, 2013**. Defendants shall serve and file their sur-reply brief on or before **March 5, 2013**.

7. **Summary Judgment Motions**.

(a) All summary judgment motions shall be served and filed on or before **March 26, 2013**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on infringement and invalidity shall be served and filed on or before **March 26, 2013**.

(c) Opening briefs or combined opening-answering briefs on non-infringement and validity shall be served and filed on or before **April 9, 2013**.

(d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

(e) Where cross-motions are presented, a sur-reply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on **June 6-7, 2013** at [ 9:30 am ]  SLR

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Status Conference.** The Court will hold a Conference in Courtroom 4B on **February 7, 2013** at [ 4:30 pm ] to discuss the status of the case. Depending on what issues and how many defendants remain in the case at that time, the commonality of issues among the remaining defendants, and the Court's docket, the parties request that the Court consider at this

status conference or at the Pretrial Conference the length of trial(s) and procedures to streamline the trial(s), including the possibility of separate trials pursuant to Fed. R. Civ. P. 21 and 42(b).

11. **Pretrial Conference.** A pretrial conference will be held on **September 13, 2013** at [9:30 a.m.] in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a **jury trial** commencing on **September 23, 2013** in courtroom 4B, fourth floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Dated: 11/1, 2011

United Stated District Judge