IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 11-309-SLR |
| ) | |
| GOOGLE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 12th day of February, 2013, consistent with the January 9, 2013 discovery conference, and having reviewed *in camera* certain redacted Google documents, as well as copies of Walker Digital's Advisory Services Agreement and Common Interest Agreement;

IT IS ORDERED that:

1. **Redacted Google documents.** Google does not have to produce unredacted paper versions of those documents where the redactions were originally labeled: "Redacted - Source Code." (*See, e.g.*, GOOGWD00185342; GOOGWD00042282) Walker Digital was immediately put on notice that the reason for the redactions was technical; concerns related to the redactions could have been raised promptly.[1]

---

[1] This observation is made based on the representations made at the January 9, 2013 discovery conference that "it was never told to [Walker Digital], and it wasn't discovered by [Walker Digital] that what was actually being carved out was not privileged materials until discovery was essentially closed in the case." (Transcript at

2. Of the many documents containing redactions that were not so explained, Google does have to produce the unredacted paper versions of such. In this regard, because source code (unlike other kinds of confidential information, e.g., that protected by the attorney-client privilege) is discoverable, Google was not justified in simply redacting the information without offering an alternative means of reviewing it. Although Google has now made the unredacted versions available on the source code computer, this effort is too little, too late, for these documents.[2]

3. **Protective order issue.** Walker Digital has requested a protective order preventing defendants from compelling the production of Walker Digital's privileged documents exchanged with IP Navigation Group, LLC ("IPNav"), Walker Digital's patent monetization consultant. I have reviewed *in camera* the Advisory Services Agreement and the Common Interest Agreement between Walker Digital and IPNav. (D.I. 275) I find that Walker Digital and IPNav do share a common legal interest and, therefore, any Walker Digital communications protected by the attorney-client privilege or work product doctrine do not lose that protection simply because they have been disclosed to IPNav.[3] *See, e.g., Constar Intern., Inc. v. Cont'l Pet Techns., Inc.*, Civ. No. 99-234, 2003 WL

---

32) Nevertheless, these documents are available to be reviewed on the source code computer, should plaintiff choose to do so.

[2]Reviewing the paper versions of these documents may better illuminate whether Google was consistent in its redaction practice. (*Compare, e.g.,* GOOGWD1-00001072 with GOOGWD1-00002444 and the difference between single lines of what appear to be source code redacted versus the surrounding explanations and context redacted in other documents).

[3]It is clear from the documents that IPNav is not a law firm and was not retained to provide legal services.

22769044 (D. Del. Nov. 19, 2003) at *1.

4. According to Walker Digital, defendants have not questioned its privilege log but, instead, have tried to compel the production of documents directly from IPNav, a third-party to these proceedings. Theoretically, the only protected documents in IPNav's possession should be those already listed on Walker Digital's privilege log. To the extent defendants are seeking documents from IPNav which do not fall under the umbrella of Walker Digital's protection (i.e., documents for which IPNav could not assert an underlying independent privilege), such a request must be pursued through the appropriate court with jurisdiction over IPNav.

_____
United States District Judge