IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC., | ) |
| | ) |
| Plaintiff, | ) Civ. No. 11-309-SLR |
| | ) |
| GOOGLE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 11th day of April, 2013, having reviewed the pending motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. **Motion to amend.** Plaintiff Walker Digital, LLC's ("Walker Digital") motion for leave to file a first amended complaint to add a claim for induced infringement (D.I. 180) is denied, for the reasons that follow:

a. **Standard.** The Federal Rules of Civil Procedure require courts to "freely grant: leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, courts "ha[ve] discretion to deny a motion to amend for reasons of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Merck & Co., Inc. v. Apotex, Inc.,* 287 Fed. App'x 884, 888 (Fed. Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). After a pleading deadline has passed, courts have required the

movant to also satisfy the more rigorous "good cause" standard of Fed. R. Civ. P. 16(b)(4).[1] *See, e.g., E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *ICU Med. Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009).

  b. **Background.** Although Walker Digital included allegations of induced infringement for particular claim limitations in its preliminary infringement contentions on December 2, 2011 (D.I. 219, ex. 1), it did not formally move to plead induced infringement until September 21, 2012, some nine months past the deadline for filing amended pleadings and a month before the close of fact discovery.[2] In its moving papers, Walker Digital argues that "good cause" exists for its motion because: (1) the Federal Circuit's August 31, 2012 decision in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012), constituted an intervening change in law;[3] (2) defendants'[4] September 10, 2012 claim constructions identified the potential need to rely on inducement; and (3) defendants cannot show that allowing the amendment would cause undue prejudice. Defendants take exception to each of these

---

  [1]Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."

  [2]The deadline for amending pleadings was January 9, 2012; fact discovery closed on October 5, 2012. (D.I. 100)

  [3]The Federal Circuit in *Akamai* held generally that a defendant may now be held liable for induced infringement if it induces others to perform either all (as was previously the case) or just some of the steps of a method patent, if the defendant performs the remaining steps.

  [4]The defendants include Google, Inc., Microsoft Corporation, and Samsung Telecommunications America, LLC.

grounds.

      c. **Analysis.** With respect to the Federal Circuit's decision in *Akamai*, defendants argue that said decision is irrelevant, because "[n]either [defendants] nor Walker Digital contend that only some claimed steps are performed by a third party. Defendants have argued only that their accused products do not perform the claimed steps because the interfaces are incapable of providing the claimed navigation experience - oriented representations of photos displayed with navigational instructions, no matter the user." (D.I. 218 at 7) And, indeed, Walker Digital has not demonstrated through its proposed amended pleading that the *Akamai* analysis is applicable, alleging only generally that defendants induce others to infringe

> by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, making available for use, offering for sale, and/or selling products and/or services that when used as intended infringe the '014 patent. Such products and/or services include, by way of example and without limitation, Google Maps, Google turn-by-turn, 3d. map.navigation service, Street View, and 360-degree street-level imagery, and related products and services.

(D.I. 180, ex. B, ¶ 18) Although such allegations arguably would have passed muster at the commencement of the case, they are insufficient to demonstrate good cause to amend under *Akamai* as Walker Digital does not allege that only some steps are performed by third parties.

      d. With respect to Walker Digital's speculation that defendants' proposed claim constructions constitute the basis for the assertion of a non-infringement

argument,[5] the court is satisfied with defendants' representations that they do not in fact intend to assert such a defense. (D.I. 218 at 9) I will certainly hold defendants to their representations.

    e. Finally, because I have not found good cause to allow Walker Digital to amend, whether or not there is prejudice to defendants in this regard will not addressed.

2. **Motion to stay.** Defendant Google, Inc.'s motion to stay pending reexamination (D.I. 175) is denied, for the reasons that follow:

    a. **Standard.** In determining whether to grant a stay pending reexamination, three factors are considered:

> (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage.

*Cephalon, Inc. v. Sandoz Inc.*, Civ. No. 10-123, 2011 WL 1750446, at *2 (D. Del. May 5, 2011).

    b. **Background.** On February 15, 2013, the United States Patent and Trademark Office ("PTO") issued an "Action Closing Prosecution" in an *inter partes* reexamination initiated by Google, Inc., with the PTO rejecting every claim of the sole patent-in-suit, the '014 patent. The PTO based its invalidity determinations on "at least

---

[5] To wit, that the accused products do not directly infringe because the driving directions are shown on the screens of third parties. Consistent with their representations directed at *Akamai*, defendants contend that their accused products do not infringe because not all of the steps of method claim 4 of United States Patent No. 6,199,014 ("the '014 patent") are performed at all, not that third parties practice any of the steps. (D.I. 218 at 9-10)

six independent grounds." (D.I. 282) The parties are engaged in summary judgment briefing, with trial scheduled to commence in the fall of this year.[6]

   c. **Analysis.** With respect to the first two factors, there is no dispute that a final resolution of the administrative process would simplify the judicial process, and that the judicial process is scheduled to conclude by the end of the year. There is also no dispute that the administrative process is less expensive than the judicial process. The heart of the dispute between the parties revolves around the issue of prejudice.

   d. In this regard, Google[7] contends that the "Action Closing Prosecution" is a significant milestone in the administrative process, especially in light of the multiple grounds for rejection of the '014 patent. Because Google contends that the '014 patent is invalid, it is understandable that it does not want to spend any more resources than it has to defending against it. In contrast, because Walker Digital is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages.

   e. Walker Digital responds that, while it may not manufacture products, it is a research-oriented business that will be prejudiced if its rights under the '014 patent are not adjudicated timely. Walker Digital also argues that this case is in its final stages, while the administrative process has many possible remaining steps with no reliable time table to conclusion.

   f. Although it is tempting to hand-off the responsibility for resolving this

---

  [6]I acknowledge the case had not progressed past fact discovery when the motion to stay was filed.

  [7]Joined by its co-defendants.

dispute to the PTO, I am mindful that it was the PTO that issued the '014 patent in the first instance, and that the '014 patent is still presumed to be valid. In balancing the equities of the parties' respective circumstances, I find that the judicial process has proceeded far enough (and the administrative process has not) that a stay would unduly prejudice Walker Digital. In this regard, however, if the '014 patent is found to be invalid,[8] Google may apply for its fees and costs pursuant to 35 U.S.C. § 285; i.e., any prejudice stemming from the motion for stay being denied may be at least partially remedied by the award of attorney fees.

_____
United States District Judge

---

[8]Particularly if invalidity is apparent at the summary judgment stage.