IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WALKER DIGITAL, LLC,                    )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )     Civ. No. 11-309-SLR
                                        )
GOOGLE INC., MICROSOFT CORP,            )
and SAMSUNG                             )
TELECOMMUNICATIONS                      )
AMERICA LLC                             )
                                        )
        Defendants.                     )

## MEMORANDUM ORDER

At Wilmington this ꒐꒐th day of June, 2013, having considered plaintiff Walker

Digital, LLC's ("Walker Digital") motion to exclude testimony regarding commercial

success of the accused Google products and services (D.I. 300), and defendant

Microsoft Corporation's ("Microsoft") motion to strike untimely infringement theories (D.I.

312), as well as the papers submitted therewith;

IT IS ORDERED that:

1. **Background.** On April 11, 2011, Walker Digital filed suit in this district

against multiple defendants, including Google Inc. ("Google"), Samsung

Telecommunications America, LLC ("Samsung"), and Microsoft alleging infringement of

United States Patent No. 6,199,014 ("the '014 patent"). (D.I. 1) Samsung answered

and counterclaimed against Walker Digital on June 20, 2011, Google on June 21, 2011,

and Microsoft on July 11, 2011. (D.I. 36, 39, 55) Walker Digital answered Google and

Samsung's counterclaims on July 11, 2011 and Microsoft's on August 1, 2011. (D.I. 53, 54, 64) Fact discovery closed on October 22, 2012. (D.I. 138) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.** "Trial judges are afforded wide discretion in making rulings on the admissibility of evidence." *Quinn v. Consolidated Freightways Corp. of Delaware*, 283 F.3d 572, 576 (3d. Cir. 2002) (citations omitted). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), rev'd on other grounds. Appropriate sanctions for violation of a scheduling order by a failure to disclose or supplement with respect to Fed. R. Civ. P. ("Rule") 26(a) or (e), are provided at Rule 37(c). Courts in the Third Circuit consider five factors when deciding whether to preclude evidence under Rule 37:

> (1) the prejudice or surprise to a party against whom the evidence is offered; (2) ability of the injured party to cure the prejudice; (3) likelihood of disruption of trial; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) importance of the evidence to the proffering party.

*GlobespanVirata, Inc. v. Texas Instruments, Inc.*, Civ. No. 03–2854, 2005 WL 1638136 at *2 (D.N.J. July 12, 2005) (citing *Quinn*, 283 F.3d at 577) (Pennypack factors).

3. **Motion to exclude testimony.** On August 13, 2012, Walker Digital served interrogatories requesting financial information regarding the accused instrumentalities, two months before close of fact discovery. On September 17, 2012, Google provided no substantive information, instead, offering to "meet and confer" with Walker Digital.

2

Walker Digital asserted that Google's revenue data was relevant to the issue of commercial success, a secondary consideration of non-obviousness. Google disagreed, stating that the court bifurcated the case and allowed the parties to only seek "limited financial discovery." (D.I. 100 at 4) The parties conferred from September 19-21, 2012 without resolution; however, Google offered a 30(b)(6) witness to testify about limited financial matters. (D.I. 346 at 3) Walker Digital then filed a motion to compel the financial data on October 22, 2012, the day fact discovery closed. (D.I. 237) The court denied the motion per its policy that discovery motions are not to be filed in patent cases absent prior approval, but invited the parties to schedule an in-person discovery conference to resolve any disputes. (D.I. 264) On October 26, 2012, Walker Digital took the deposition of Google's 30(b)(6) witness, which included financial topics and information regarding commercial success. (D.I. 347, ex. 6 at 76-78, 103:8-104:11) On December 21, 2012, Google supplemented its interrogatory responses with additional financial data, including revenue "attributable to Street View generally," for May 2009-September 2012.[1] (D.I. 346 at 6; D.I. 300, ex. D)

4. After review, the court concludes that the financial data supplied in the supplemental interrogatory is not well beyond or inconsistent with the testimony of Google's 30(b)(6) witness. Further, Walker Digital had ample opportunity to seek the court's assistance in obtaining financial data earlier, but did not do so. After Google supplemented its interrogatory response, the court held a discovery conference on January 9, 2013 and a status conference on February 6, 2013. Walker Digital

---

[1]Google avers the information was consistent with its expert's deposition testimony. (D.I. 346 at 6)

3

communicated to the court that there were no issues with respect to Civ. No. 11-309 for discussion at the status conference. Walker Digital had the opportunity to depose a 30(b)(6) witness on financial topics and chose not to follow up with the court after the denial of its motion to compel. Nor has Walker Digital shown evidence of bad faith as required for exclusion. For these reasons, on balance, the various *Pennypack* factors weigh against precluding Google's disclosed financial data. The court denies Walker Digital's motion to exclude.[2]

5. **Motion to strike the late instrumentalities**. On August 5, 2011, the court ordered Walker Digital to identify the instrumentalities for infringement to focus discovery. On August 19, 2011, Walker Digital identified Bing Maps and Streetside and further provided Microsoft with formal infringement contentions on December 2, 2011.

6. On September 25, 2012, during his deposition, a Microsoft engineer mentioned that Microsoft used Google Maps for competitive analysis. Walker Digital informed Microsoft (via email on October 12, 2012) that it intended to allege infringement based on Microsoft's internal use of Google Maps. Another engineer, on October 18, 2012, testified about an "Internal System" developed and used by Microsoft. Walker Digital then alleged these two additional instrumentalities against Microsoft and provided discussion regarding these in its expert report dated November 12, 2012.

---

[2]Walker Digital may identify this issue as a topic for discussion at the pretrial conference if Google appears to be presenting as trial evidence documents and/or testimony beyond the scope discussed above.

4

7. Given that Microsoft did not disclose these instrumentalities until the close of fact discovery, it is not surprising that these instrumentalities were not vetted by Microsoft and Walker Digital through the fact discovery process. However, upon learning about the "Internal System" (which was based on a publically available 2009 paper and 2010 patent application),[3] Walker Digital chose to present its infringement allegations in a conclusory fashion in its expert report and did not provide an infringement chart. (D.I. 311, ex. 6 at ¶¶128-134)  At this late stage, it is unreasonable for Microsoft to respond to conclusory allegations, with information that was not vetted through the discovery process. Further, as to Microsoft's internal use of Google Maps, Microsoft was not given the opportunity to participate in the discovery process related thereto. Therefore, Microsoft's motion to strike is granted.

8. **Conclusion.** Based on the foregoing, the court denies without prejudice Walker Digital's motion to exclude testimony regarding commercial success of the accused Google products and services (D.I. 300), and grants Microsoft's motion to strike untimely infringement theories (D.I. 312).

United States District Judge

---

[3]*See* Billy Chen et al., *Integrated Videos and Maps for Driving Directions*, presented at the ACM UIST 2009 Conference in Canada on October 7, 2009; U.S. Patent Application 2010/0235078 A1. (D.I. 313 at 1 & n.1; D.I. 311, ex. 8; D.I. 359, ex. 1)

5